J-S19013-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| | : | |
| CHARLES ROBERT LEWIS | : | |
| | : | |
| Appellant | : | No. 1177 MDA 2016 |

Appeal from the Judgment of Sentence June 16, 2016
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0001403-2015

BEFORE: GANTMAN, P.J., BENDER, P.J.E., and STEVENS, P.J.E.*

MEMORANDUM BY GANTMAN, P.J.:                    **FILED MARCH 20, 2017**

Appellant, Charles Robert Lewis, appeals from the judgment of sentence entered in the Centre County Court of Common Pleas, following his jury trial convictions of one count each of possession of a controlled substance with the intent to deliver ("PWID"), criminal conspiracy, possession of a controlled substance by an inmate, knowing or intentional possession of a controlled substance, and possession of drug paraphernalia.[1] We affirm.

The relevant facts and procedural history of this case are as follows. Appellant, an inmate at the Benner Township State Correctional Institution, received a visit from his sister and co-defendant, Michilean Lewis on August

---

[1] 35 P.S. § 780-113(a)(30); 18 Pa.C.S.A. §§ 903, 5123(a.2); 35 P.S. §§ 780-113(a)16, (a)(32), respectively.

---

*Former Justice specially assigned to the Superior Court.

16, 2015. Ms. Lewis smuggled 33 balloons containing marijuana and 3 balloons containing Suboxone strips inside the prison. Matthew Kissel, a prison corrections officer, observed Appellant's and Ms. Lewis' interaction through video surveillance. Mr. Kissel watched Ms. Lewis hand an object to Appellant and then saw several clear balloons inside Appellant's bag of Dorito's. Mr. Kissel searched Appellant and recovered the contraband. Nicole Blascovich, a forensic scientist, analyzed the contraband and prepared a lab report based on her findings.

The Commonwealth charged Appellant with various related offenses on August 27, 2015. On February 29, 2016, the Commonwealth filed and served Appellant with a "Notice of Intent to Admit Laboratory Report Pursuant to Pennsylvania Rule of Criminal Procedure 574."[2] The Commonwealth gave the correct lab report to Appellant through discovery on February 5, 2016, but it inadvertently attached an incorrect, unrelated lab report to its Notice of Intent on February 29, 2016. Appellant did not file a written demand for Ms. Blascovich's testimony pursuant to Rule 574(C)(1).

On March 22, 2016, before Appellant's jury trial commenced, the Commonwealth presented the correct lab report to the court. Appellant

---

[2] Rule 574 of the rules of criminal procedure refers to a procedure where the Commonwealth introduces a forensic lab report into evidence in place of live testimony by the expert who performed the analysis or examination, provided the defendant does not make a written demand for the expert's live testimony.

- 2 -

objected to the report on the basis that it was not the same report as the one attached to the Notice of Intent. Appellant conceded he had received the correct lab report during discovery and the Notice of Intent referenced the correct report, which prompted the court to overrule Appellant's objection.

A jury convicted Appellant of all charges on March 22, 2016. On June 16, 2016, the court sentenced Appellant to an aggregate term of three (3) to six (6) years' imprisonment, followed by a consecutive term of twelve (12) months' probation. The court imposed the sentence consecutive to an unrelated sentence Appellant was already serving. Appellant timely filed post-sentence motions on June 22, 2016. On July 7, 2016, the court held argument on Appellant's post-sentence motions, and denied the motions on July 13, 2016. Appellant timely filed a notice of appeal on July 18, 2016. On July 19, 2016, the court ordered Appellant to file a Rule 1925(b) statement, which Appellant timely filed on August 8, 2016.

Appellant raises one issue for our review:

> [WHETHER] THE...COURT VIOLATED [APPELLANT'S] CONSTITUTIONAL RIGHT UNDER THE SIXTH AMENDMENT TO CONFRONT WITNESSES AGAINST HIM BY PERMITTING THE LAB REPORT TO BE ENTERED INTO EVIDENCE WITHOUT THE AUTHOR BEING CALLED TO TESTIFY[?]

(Appellant's Brief at 9). The Commonwealth claims Appellant waived his issue on appeal due to vagueness in his statement of questions presented section of his brief. What Appellant is challenging on appeal is evident so we

decline to deem his issue waived.

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Jonathan D. Grine, we conclude Appellant's issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of the question presented. (**See** Trial Court Opinion, filed July 13, 2016, at 2-4) (finding: Appellant premised alleged violation of his Sixth Amendment right to confront witness on fact that Commonwealth attached incorrect lab report to its Notice of Intent; Appellant insinuated he would have filed written demand for Ms. Blascovich's testimony at trial if Commonwealth had attached correct lab report to Notice of Intent, and he was not obligated to correct Commonwealth's mistake; Appellant's position is tenuous because Appellant knew he had correct lab report even before Commonwealth filed and served him with its Notice of Intent, which properly referenced correct lab report; Appellant knew Ms. Blascovich performed lab study, and Appellant failed to make written demand for Ms. Blascovich's testimony at trial; per totality of circumstances Appellant possessed relevant materials to make informed decision regarding demand for Ms. Blascovich's live testimony, but Appellant chose not to make that request). Accordingly, we affirm on the basis of the trial court's opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/20/2017

Lathrop
Settgast



# IN THE COURT OF COMMON PLEAS OF CENTRE COUNTY, PENNSYLVANIA
## CRIMINAL ACTION – LAW

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | ) | |
| | ) | |
| v. | ) | CP-14-CR-1403-2015 |
| | ) | |
| CHARLES ROBERT LEWIS, | ) | |
| Defendant. | ) | |

*Attorney for Commonwealth:*            *Jessica H. Lathrop, Esquire*
*Attorney for Defendant:*                *Richard G. Settgast, Esquire*

## OPINION AND ORDER

Presently before the Court is a Post-Sentence Motion filed by Charles Robert Lewis

("Defendant"), on June 22, 2016. For the following reasons, Defendant's Post-Sentence Motion

is **DENIED**.

## BACKGROUND

On September 4, 2015, Defendant was charged with Manufacture, Delivery, or

Possession with Intent to Manufacture or Deliver, 35 P.S. 780-113(a)(30); Contraband,

18 Pa.C.S.A. § 5123(a.2); Conspiracy (Contraband); Intention to Possess Controlled Substance

by Person no Registered under The Drug, Device, and Cosmetic Act, 35 P.S., § 780-

113(a)(16); and Use/Possession of Drug Paraphernalia, 35 P.S. § 780-113(a)(32). A jury trial on the

charges was held on March 22, 2016 and Defendant was found guilty on all charges. On June 16,

2016, Defendant was sentenced to an aggregate sentence of thirty-six (36) to seventy-two (72)

months incarceration, with a consecutive probation sentence of one (1) year. Defendant filed a

Post-Sentence Motion on June 22, 2016. Argument on said motions was heard on July 7, 2016.

After reviewing the record and hearing argument, the Court is now ready to render a

decision in this matter.

1

☒O ☐RD ☐S

## DISCUSSION

Pennsylvania Rule of Criminal Procedure 574 provides that, in any trial, the Commonwealth may seek to offer into evidence a forensic laboratory report supported by a certification, as provided in the rule, in lieu of testimony by the person who performed the analysis or examination that is the subject of the report. Pa.R.Crim.P. 574(A). Rule 574 requires the Commonwealth to file and serve upon the defendant a written notice "at the time of the disclosure of the report but no later than 20 days prior to the start of trial." Pa.R.Crim.P. 574(B)(1). If the defendant wishes to have the person who prepared the report testify at trial, the defendant must file a written demand for said testimony at trial within ten (10) days of service of the Commonwealth's written notice. Pa.R.Crim.P. 574(C)(1). The comment to Rule 574 states, "[n]othing in this rule is intended to change the requirement for the provision of discovery under Rule 573." Pursuant to Rule 573, the Commonwealth is bound to make a mandatory disclosure of "any results or reports of scientific tests…within the possession or control of the attorney for the Commonwealth." Pa.R.Crim.P. 573(B)(1)(e). Additionally, the comment to Rule 574 states, "one of the goals of this rule is to permit the defendant to make an informed decision regarding whether to demand the live testimony of the analyst."

In the case at bar, Defendant contends a violation of his 6th Amendment right to confront his accuser occurred when the Court permitted the introduction of the laboratory report regarding Defendant's case without the appearance and testimony of the person who prepared said report. Specifically, Defendant premises this contention on the fact that the Commonwealth attached the incorrect laboratory report to the Commonwealth's Notice of Intent to Admit Laboratory Report Pursuant to Pennsylvania Rule of Criminal Procedure 574 ("Notice"), filed on February 29, 2016. The Court finds no violation of Defendant's 6th Amendment right to confrontation occurred because Defendant was in receipt of the correct laboratory report at the time the

2

☒O ☐RD ☐S

Commonwealth's timely written notice was filed and served.

Pursuant to the Commonwealth's mandatory disclosure obligations under Rule 573, the Commonwealth disclosed the correct laboratory report to Defendant during discovery. The subsequent Notice the Commonwealth filed and served was consistent with the requirements of Rule 574, with the exception of the incorrect laboratory report being attached thereto. The Court finds the comment to Rule 574 to be instructive in resolving this matter. The comment is clear in its direction that discovery requirements pursuant to Rule 573 shall not be altered by the contents of Rule 574. The Commonwealth's filing error in this case has forced this comment to the fore. If Rule 574 were permitted to usurp Rule 573, then the Commonwealth would be forced to either file their Rule 574 written notice when they receive the laboratory report, or waive their ability to file said notice. This would effectively hinder the Commonwealth's ability to make a litigation decision because of their continuing duty to disclose mandatory discovery. Rule 574's comment clearly addresses and shutters this incongruous result.

The issue of what effect the Commonwealth's filing error had on Defendant's confrontation rights requires the Court to consider if Defendant was effectively on notice to file a written demand, pursuant Rule 574(C)(1). The correct lab report and incorrect lab report were both performed by Nicole Blascovich of the Harrisburg Regional Laboratory. Defendant insinuates that if the correct lab report, which Defendant was already in possession of, had been attached to the Commonwealth's Notice, Defendant would have filed a written demand for the testimony of Ms. Blascovich. Defendant's counsel argues that trial counsel "was under no obligation to correct the District Attorney's mistakes to the detriment of her client." The Court finds this position to be tenuous, due to Defendant's counsel's knowledge of the correct lab report, knowledge of Ms. Blascovich's performance of both lab reports, and failure to demand testimony where an incorrect lab report could conceivably be admitted into evidence against

3

☒O ☐RD ☐S

Defendant by operation of Rule 574(C)(3). The totality of the circumstances in this case establishes that Defendant was in possession of the relevant materials to permit him to make an informed decision regarding whether to demand the live testimony of Ms. Blascovich, and Defendant chose not to make said demand.

Therefore, Defendant's Post-Sentence Motion is **DENIED**.

Accordingly, the Court enters the following Order:

## ORDER

AND NOW, this 12th day of July, 2016, the Court hereby ORDERS that Defendant's Post-Sentence Motion is **DENIED**.

BY THE COURT:

_____
Jonathan D. Grine, Judge

4

☒O ☐RD ☐S